IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY DAVON WILLIAMS (03),

    Defendant.

Case No. 14-40094-03-DDC

## MEMORANDUM AND ORDER

On October 14, 2020, the court denied defendant Anthony Davon Williams's Motion for Emergency Relief Under the Congressionally Enacted First Step Act of 2018 (Doc. 159). Mr. Williams had sought compassionate release because of the COVID-19 pandemic. This matter comes before the court on Mr. Williams's pro se[1] Emergency Motion to Reopen Motion for Compassionate Release (Doc. 181). The government filed a Response (Doc. 183) but defendant has not filed a reply. For reasons explained below, the court denies Mr. Williams's motion.

    I.    **How to Construe Mr. William's Motion and Legal Standard**

Defendant filed his motion beyond the deadline to file a motion to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure and the deadline under Rule 7.3(b) of the District of Kansas local rules. A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion to reconsider under the local rules must be filed "within 14 days after the order is filed unless the court extends the time." D. Kan. Rule 7.3(b). Here, Mr. Williams filed his motion on February 1, 2021, more than three months

---

[1] Because Mr. Williams proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

after the court entered the order on his compassionate release motion.  So, the court declines to construe Mr. William's motion to reopen as a motion to reconsider under Fed. R. Civ. P. 59(e) or D. Kan. Rule 7.3(b).

The court also declines to consider Mr. Williams's present motion as a renewed motion for compassionate release because he has not presented evidence of the changed circumstances to the warden at FCI Safford in the form of a request for compassionate release, as the statute requires.  *See* 18 U.S.C. §3582(c)(1).  As explained below, it appears that the conditions at FCI Safford are better now than when the court entered the order on Mr. Williams's original motion more than four months ago.  But, Section 3582(c)(1) requires that the warden first make such a determination under the rubric of a renewed request for compassionate release.  *See United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 4726685, at *3 (D. Kan. Aug. 13, 2020) (to file renewed motion based on new information, defendant first must exhaust administrative remedies); *United States v. Adkins*, No. 2:10CR10-PPS, 2020 WL 4188205, at *2 (N.D. Ind. July 21, 2020) (if factual developments warrant reconsideration, defendant may exhaust administrative remedies again and file new motion); *United States v. Polley*, No. CR 18-196, 2020 WL 3574373, at *3 (E.D. Pa. June 30, 2020) (denying motion without prejudice to filing renewed motion for compassionate release "after again exhausting his administrative remedies").  Mr. Williams has not shown that he has presented his renewed request to the warden.  So, the court declines to construe his motion to reopen as a renewed motion for compassionate release.

The court liberally construes Mr. Williams's motion to reopen as one under Rule 60(b)(2) of the Federal Rules of Civil Procedure which permits relief based on "newly discovered evidence" and Rule 60(b)(6) which permits relief generally for "any other reason."  A losing

party may not invoke Rule 60(b) to rehash or restate issues already addressed, or present new arguments that the party could have raised in earlier filings.  *See Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991).  And the party seeking relief bears the burden to demonstrate the prerequisites for such relief.  *Id.* at 1243–44.  Under Rule 60(b)(2), the moving party must show that (1) the evidence was newly discovered; (2) he was diligent in discovering the new evidence; (3) the newly discovered evidence is not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) the newly discovered evidence would probably produce a different result.  *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (internal quotation marks and citation omitted).  Under Rule 60(b)(6), the court may grant relief only in extraordinary circumstances and when it offends justice to deny relief.  *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005).

    **II.**    **Discussion**

When it denied Mr. Williams's motion for compassionate release, the court found that the COVID-19 pandemic and his relatively mild health conditions did not constitute extraordinary and compelling reasons that warrant release.  In addition, the court found that the pertinent sentencing factors in 18 U.S.C. § 3553(a) did not favor a reduced sentence.  Mr. Williams asks the court to reconsider the ruling based on evidence of a COVID-19 outbreak at FCI Safford and other factors.

Mr. Williams argues that the court should consider new information that in December, he and more than 500 inmates at FCI Safford tested positive for COVID-19.  Doc. 181 at 4.  He also claims that during the outbreak, he received no medication or medical care.  *Id.* at 5.  Mr. Williams has presented "new evidence" within the meaning of Rule 60(b)(2).  Even so, the new evidence that Mr. Williams presents does not warrant compassionate release.

FCI Stafford houses 737 inmates and visiting at the facility remains suspended.  *See* FCI Safford, https://www.bop.gov/locations/institutions/saf (last visited Feb. 24, 2021).  Despite the COVID-19 outbreak in December, the BOP reports that only four inmates and three staff members presently have active infections.  *See* COVID-19, https://www.bop.gov/coronavirus (last visited Feb. 24, 2021).  FCI Safford has had no inmate or staff deaths.  *Id*.  Some 593 inmates and 36 staff members have recovered and at least in the short term, likely have some level of immunity.[2]  *Id*.  In addition, nearly 100 staff members and more than 100 inmates have received both doses of a COVID-19 vaccine.  *See* COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus (last visited Feb. 24, 2021).  While a prison environment certainly is not ideal for protection against COVID-19, the chance of inmate infection now appears drastically lower than when the court denied Mr. Williams's motion in October.  Accordingly, Mr. Williams has not shown that the recent COVID-19 outbreak compels a different result on his compassionate release motion.

Mr. Williams claims that during the recent COVID-19 outbreak, he did not receive medication or medical care.  Doc. 181 at 5, 7.  But, in his motion, he only alleges that he tested positive for COVID-19 and that BOP withheld therapeutics such as Vitamin D and Zinc.  He does not describe specifically the nature and extent of his symptoms.  In any event, Mr. Williams apparently has recovered.  Mr. Williams has failed to show that his relatively mild medical conditions place him at heightened risk of contracting COVID-19 or serious risk of severe illness should he contract it again.  *See Memorandum and Order* (Doc. 180) at 8.

---

[2]  Mr. Williams argues that as of February 1, other inmates were showing symptoms and that BOP did not re-test inmates to determine if they in fact had recovered.  Mr. Williams has not filed a reply which addresses the current statistics.  Even if not all inmates have fully recovered, Mr. Williams has not shown an imminent risk of another outbreak based on the current conditions at FCI Safford.

In his motion to reconsider, Mr. Williams also asserts that during the pandemic, FCI Safford has suspended programming for all inmates. Doc. 181 at 8. A Rule 60(b) motion for reconsideration is not an appropriate device to present new arguments that the party could have raised in earlier filings. *See Van Skiver*, 952 F.2d at 1244. Mr. Williams's argument on the lack of BOP programming is one he easily could have made in his Motion for Emergency Relief (Doc. 159). He did not. In any event, while the effect the pandemic on BOP programming throughout the country is unfortunate, it does not establish an extraordinary or compelling reason to release Mr. Williams or all inmates generally.

Finally, Mr. Williams suggests that because Arizona voters recently approved Proposition 207 related to the state legalization of the possession and use of marijuana, he will be able to resolve his detainer from the State of Arizona. Doc. 181 at 8. Even if Proposition 207 applies retroactively and necessarily would lead the state court to vacate Mr. Williams's conviction, this fact would not alter the court's conclusion that he is not entitled to relief on his motion for compassionate release.

In sum, Mr. Williams's newly available evidence under Rule 60(b)(2) does not warrant a different conclusion on his motion for compassionate release. Likewise, he has not shown that relief is appropriate under Rule 60(b)(6). As explained in the prior order, Mr. Williams's relatively mild health conditions do not constitute "extraordinary and compelling reasons" that warrant release and the pertinent sentencing factors in 18 U.S.C. § 3553(a) do not favor a reduced sentence. The court thus denies Mr. Williams's pro se Emergency Motion to Reopen Motion for Compassionate Release (Doc. 181).

**IT IS THEREFORE ORDERED THAT** Mr. Williams's pro se Emergency Motion to Reopen Motion for Compassionate Release (Doc. 181) filed February 1, 2020 is denied.

**Dated this 1st day of March, 2021, at Kansas City, Kansas.**

                                                  **s/ Daniel D. Crabtree**
                                                  **Daniel D. Crabtree**
                                                  **United States District Judge**