# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY DAVON WILLIAMS (03),<br><br>Defendant. | Case No. 14-40094-03-DDC |

### MEMORANDUM AND ORDER

On December 21, 2021, the court ordered Anthony Davon Williams to show cause why it should not dismiss his pro se[1] Motion to Vacate under 28 U.S.C. § 2255 (Doc. 147) because it lacks a sufficient factual basis.  *See* Doc. 185.  Mr. Williams timely responded on January 11, 2022.  Doc. 186.  His Response echoes his motion, and he again asks the court to vacate his sentence.  But the Response fails to provide any new facts, leaving his motion without any evidence of a constitutional violation.  Thus, the court dismisses Mr. Williams's § 2255 Motion (Doc. 147) without conducting an evidentiary hearing and denies his Motion for Hearing, Discovery, and Appointment of Counsel (Doc. 158).  The court explains its decisions, below.

**I.    Background**

Mr. Williams seeks § 2255 relief based on the *Black* investigation.  The court provided a background of Mr. Williams's criminal case and the *Black* investigation in its prior Order (Doc.

---

[1]    People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

185) and finds no need to repeat that full background here.  In a nutshell, the *Black* investigation arose from the government's possession of audio and video recordings of pre-trial detainees' conversations with their attorneys at a federal holding facility.  United States District Judge Julie A. Robinson, who managed the *Black*-related litigation in its many lifeforms, appointed the Federal Public Defender (FPD) to represent defendants "who may have a post-conviction Sixth Amendment claim based on the recording of in-person attorney-client meetings or attorney-client phone calls[.]"  D. Kan. S. O. 18-3.  In August 2019, the government began disclosing to the FPD evidence of audio and video recordings.  And the "FPD, along with defense counsel, proceeded to exhaustively review hundreds of hours of audio and video recordings, ultimately filing over 100 habeas motions alleging Sixth Amendment violations[.]"  *United States v. Ramsey*, No. 09-20046-09, 2021 WL 1123640, at *2 (D. Kan. Mar. 24, 2021).  The FPD investigated Mr. Williams's case.  In a letter dated January 8, 2019, the FPD informed Mr. Williams that it had "reviewed the records in [his] case, including those from CCA and the phone service provider" and concluded there "is no viable claim that the government accessed any attorney-client communication in [his] case."  Doc. 147-2 at 12 (Williams Aff. Ex. F).  The FPD never filed a petition for Mr. Williams based on the *Black* investigation.  Instead, Mr. Williams filed his § 2255 Motion pro se, alleging Sixth Amendment violations, but without providing any evidence that the government had accessed his attorney-client communications.

A critical piece of the *Black* investigation is Judge Robinson's Findings of Fact and Conclusions of Law ("*Black* Order").  *See United States v. Carter*, 429 F. Supp. 3d 788 (D. Kan. 2019), *vacated in part*, No. 16-20032-02-JAR, 2020 WL 430739 (D. Kan. Jan. 28, 2020).  In the *Black* Order, Judge Robinson provided a roadmap for future, *Black*-related litigation.  And that

roadmap provides that § 2255 petitioners raising *Black*-related claims must make certain threshold showings. The court reviews those and other relevant legal standards, below.

## II.     Legal Standard

Under § 2255, a petitioner "in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The petitioner carries the burden to establish his right to § 2255 relief. *United States v. Washington*, 890 F.3d 891, 895 (10th Cir. 2018) (citations omitted). A petitioner may ask the court to vacate his sentence because the court imposed the sentence "in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2255(a).

As described in the court's Show Cause Order, Mr. Williams speculates that the government violated his Sixth Amendment rights by intruding on his attorney-client communications. Under "some circumstances a defendant's Sixth Amendment rights may be violated by the state's intrusion into the attorney-client relationship." *Shillinger v. Haworth*, 70 F.3d 1132, 1138 (10th Cir. 1995) (citing *Weatherford v. Bursey*, 429 U.S. 545 (1977)).

> [A] per se Sixth Amendment violation occurs when: (1) there is a protected attorney-client communication; (2) the government purposefully intruded into the attorney-client relationship; (3) the government becomes "privy to" the attorney-client communication because of its intrusion; and (4) the intrusion was not justified by any legitimate law enforcement interest.

*Carter*, 429 F. Supp. 3d at 890 (citing *Shillinger*, 70 F.3d at 1142). This test requires "individualized determinations." *Id.*

To help courts make these individualized determinations in *Black*-related cases, Judge Robinson established a threshold showing to "eliminat[e] claims where it [is] clear that no protected communication exist[s.]" *United States v. Avalos*, No. 13-20026-JAR-01, 2021 WL 1426771, at *2 (D. Kan. Apr. 15, 2021). If the petitioner bases his *Black* § 2255 claim on video recordings, he must show: "(1) that the video of the attorney-client meeting exists, and (2) that

3

the quality of the non-verbal communication is sufficient to confirm communication between the detainee and counsel."[2]  *Carter*, 429 F. Supp. 3d at 892.  If the petitioner bases his claim on audio recordings, he must show:  "(1) telephone recordings exist, and (2) a given call contains protected attorney-client communication[.]"[3]  *Id.*

If a petitioner fails to make these showings, the court may dismiss the § 2255 motion without conducting an evidentiary hearing.  *United States v. Ramsey*, No. 09-20046-09, 2021 WL 1123640, at *2 (D. Kan. Mar. 24, 2021) (dismissing without evidentiary hearing § 2255 petition for lack of factual basis where petitioner relied primarily on the *Black* investigation but wasn't listed as detainee with any recorded phone calls from CCA).  The court must hold an evidentiary hearing on a § 2255 motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"  28 U.S.C. § 2255(b).

### III.   Analysis

Mr. Williams's § 2255 Motion fails to make this threshold showing—that a video of his attorney-client meeting exists or that a recording of his phone calls exists.  In its Show Cause Order, the court explained why his motion lacks a sufficient factual basis to proceed.  And Mr. Williams's Response provides no facts to correct the identified deficiencies.  Instead, Mr. Williams's Response relies on the "totality of the circumstances" and rank speculation.  Neither is sufficient.

---

[2]   Also, the petitioner must provide an affidavit from defense counsel that confirms the nature and purpose of the recorded "meeting(s) were within the ambit of protected communication[.]" *Carter*, 429 F. Supp. 3d at 892.

[3]   And, petitioner must provide an affidavit from defense counsel that confirms the calls were protected communication. *Carter*, 429 F. Supp. 3d at 892.

Mr. Williams argues he has satisfied his evidentiary burden based on the "totality of the circumstances." The circumstances Mr. Williams refers to come from pre-trial proceedings in his original case. Specifically, Mr. Williams claims he wanted to go to trial because he believed that there was a problem with the Indictment—it didn't specify the drug quantity. Mr. Williams informed his attorney about the problem, at least as he perceived things. According to Mr. Williams, the government overhead his conversation with his attorney, and the government fixed the "problem" by filing a Superseding Indictment. In its Show Cause Order, the court explained to Mr. Williams why his premise—that there was a problem with the Indictment because it didn't specify drug quantity—is wrong. Doc. 185 at 16–18. It is patently wrong from the simplest of reasons: the Indictment, in fact, specified a quantity. Specifically, Count 1 of the initial Indictment charged Mr. Williams with conspiring to possess with intent to distribute "approximately 6 kilograms" of cocaine. Doc. 1 at 1–2.

Mr. Williams's Response alleges that his advantageous plea deal is further "totality of the circumstances" evidence that the government was listening to his attorney-client communications. His Response asserts that the government gave him a "windfall of sorts" when it agreed to recommend a sentence of 156 months, instead of a mandatory life sentence. Doc. 186 at 6. And he argues that he had no choice but to plead guilty because the government "gave him an 'offer he could not refuse.'" *Id.* This argument proves too much. *The Godfather* references aside, the court fails to see how an advantageous plea deal in the face of a mandatory life sentence is evidence that the government violated our Constitution. Mr. Williams is speculating, and wildly at that. Wild speculations can't serve as a factual basis for § 2255 relief. *Parke v. Raley*, 506 U.S. 20, 31 (1992) ("[W]hen a collateral attack on a final conviction rests on

5

constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant.")

Mr. Williams's motion and Response fail to provide any evidence to support his claims. He accuses the government, without evidence, of committing an "atrocious violation" of his rights. Doc. 186 at 11. But both his motion and his Response fail to make even the basic threshold showing: a video or phone call recording exists. Indeed, the government responded to Mr. Williams's motion and advised that it doesn't have any of Mr. Williams's audio or video recordings. Doc. 152 at 48–49. Mr. Williams's Response argues that "[u]nder the circumstances this can not possibly be a credible assertion by this government's attorneys." Doc. 186 at 12. But years ago, in August 2019, the government began producing evidence of audio and video recordings to the FPD. And the "FPD, along with defense counsel, proceeded to exhaustively review hundreds of hours of audio and video recordings, ultimately filing over 100 habeas motions alleging Sixth Amendment violations[.]" *Ramsey*, 2021 WL 1123640, at *2. The FPD hasn't filed such a motion for Mr. Williams.

Nonetheless, Mr. Williams asserts in an affidavit that the FPD told him he has a claim. Doc. 147-1 at 2–3 (Williams Aff. ¶ 9). Mr. Williams relies heavily on this Affidavit. In its Show Cause Order, the court liberally construed Mr. Williams's Affidavit (as it must, because Mr. Williams is pro se) and found Mr. Williams's § 2255 claim timely. In his Response, Mr. Williams urges the court to credit the entirety of his Affidavit. But other allegations in the Affidavit are less credible.

Mr. Williams alleges that the FPD told him that the government accessed his phone calls, and he has a claim. *Id.* But the record directly contradicts his assertions. Instead, the record shows that the FPD concluded that Mr. Williams has "no viable claim that the government

6

accessed any attorney-client communication in [his] case." Doc. 147-2 at 12 (Williams Aff. Ex. F). The FPD based this conclusion on its investigation into the records turned over by the government. And the court provided Mr. Williams with those records, attached to its Show Cause Order. *See* Doc. 185-1. These records show that the government doesn't possess, and certainly didn't access Mr. Williams's phone calls. And, the FPD, appointed to represent defendants affected by the *Black* litigation, has not entered an appearance for Mr. Williams. The FPD, the government, and the record are all in accord: the government does not possess Mr. Williams's attorney-client communications. The court thus dismisses Mr. Williams's § 2255 Motion because it lacks any factual basis that would warrant relief.

Last, the court addresses Mr. Williams's other pending motion: a Motion for Hearing, Discovery, and Appointment of Counsel (Doc. 158). The court previously denied the portion of the motion requesting appointed counsel. Doc. 185 at 25. Now, the court denies Mr. Williams's request for a hearing and for discovery. Section 2255(b) requires an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).

> The decision not to hold an evidentiary hearing essentially is the equivalent of a dismissal for failure to state a claim or a summary judgment, because the district court has concluded that the record does not entitle the prisoner to relief; either the prisoner has failed even to allege facts on which relief could be predicated, or the record conclusively contradicts the prisoner's allegations.

*In re Lindsey*, 582 F.3d 1173, 1175–76 (10th Cir. 2009).

Here, Mr. Williams has failed to allege any *facts* to meet the threshold showing required for *Black*-related claims.[4] He thus has failed "to allege facts on which relief could be predicated"

---

[4] Mr. Williams asserts that it's "virtually impossible" for him "to make the stringent showing that this Honorable Court demands of him in this action" because "he is a prisoner dis-placed from any access to this material[.]" Doc. 186 at 11. The court recognizes the difficulty people in prison have litigating these claims. But, Judge Robinson appointed the FPD to represent people in prison with *Black*-related

7

because there's simply no evidence of a constitutional violation. *Id.* And, "the record conclusively contradicts" his allegations. *Id.* Thus, the court need not hold an evidentiary hearing, and it denies Mr. Williams's request for one. The court also denies Mr. Williams's request for discovery. Rule 6(a) of the Rules Governing Section 2255 Proceedings grants courts discretion, for good cause, to "authorize a party to conduct discovery[.]" Mr. Williams has not shown good cause for discovery. The court thus denies the Motion for Hearing, Discovery, and Appointment of Counsel (Doc. 158) in its entirety.

## IV.    Conclusion

For reasons stated here, and in the court's earlier Show Cause Order (Doc. 185), the court dismisses Mr. Williams's § 2255 Motion to Vacate (Doc. 147). And it denies his request for an evidentiary hearing, discovery, and appointment of counsel (Doc. 158).

Rule 11 of the Rules Governing Section 2255 Proceedings require the court to "issue or deny a certificate of appealability when it enters a final order adverse" to a § 2255 petitioner. A court may grant a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation marks and citations omitted). The court concludes that no reasonable jurist would find the court's assessment of Mr. Williams's claims debatable or wrong. *See id.* The court thus declines to

---

claims to help with this problem. The FPD did its job—it investigated Mr. Williams's claims and found "no viable claim that the government accessed any attorney-client communication in [his] case." Doc. 147-2 at 12 (Williams Aff. Ex. F). The threshold showing established by Judge Robinson isn't a stringent showing. Rather, it served its purpose to "eliminat[e] claims where it [is] clear that no protected communication exist[s]." *Avalos*, 2021 WL 1426771, at *2.

issue a certificate of appealability for Mr. Williams's claims in his Motion to Vacate under 28 U.S.C. § 2255 (Doc. 147).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Williams's "Motion to Vacate and Discharge with Prejudice under 28 U.S.C. § 2255(f)(4); and Motion for Fed. R. Crim P. 16(E) Discovery Motion for Confidential Legal Visitation and Return of Property Pursuant Fed. R. Cr. P. 41(g)" (Doc. 147) is dismissed.

**IT IS FURTHER ORDERED THAT** Mr. Williams's Motion for Hearing, Discovery, and Appointment of Counsel (Doc. 158) is denied.

**IT IS FURTHER ORDERED THAT** a certificate of appealability for the ruling on Mr. Williams's § 2255 Motion is denied.

**IT IS SO ORDERED.**

**Dated this 9th day of June, 2022, at Kansas City, Kansas.**

                                              s/ Daniel D. Crabtree
                                              **Daniel D. Crabtree**
                                              **United States District Judge**